UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDON STEVENS,

        Plaintiff,

v.                                        Case No. 3:20-cv-1454-BJD-JBT

R. BASSA, et al.,

        Defendants.

_____

### **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Brandon Stevens, an inmate of the Florida penal system, is proceeding pro se and in forma pauperis on a Civil Rights Complaint (Doc. 1; Compl.) against three Defendants: two medical providers at the Reception and Medical Center, and the Department of Health. Plaintiff alleges Defendants Bassa and Leveen denied him sunblock to prevent sunburn, "which could possibly result in the worsening condition of skin cancer." See Compl. at 4. He contends Defendants' conduct deprives him of due process under the Fifth or Fourteenth Amendments and amounts to cruel and unusual punishment under the Eighth Amendment. Id. at 4-5. As relief, Plaintiff seeks compensatory damages and "a change in policy" so that he can receive sunblock free of charge. Id. at 6.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

Courts must liberally construe a pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. The Department of Health is not a "person" amenable to suit under § 1983 and is, therefore, subject to dismissal.

As to the remaining Defendants, Plaintiff fails to demonstrate a denial of due process under the Fourteenth Amendment.[1] Upon close review of Plaintiff's complaint and exhibits (Docs. 1-1, 1-2, 1-4; Pl. Exs.), Plaintiff simply wants sunblock provided free of charge so he can "participate in recreational activities without suffering the results of sun burn." See Pl. Ex. 1 (Doc. 1-1) at

---

[1] The Fifth Amendment is inapplicable because Plaintiff sues state actors, not federal actors. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law.").

3

2. "[A] prison policy guaranteeing exercise time may give rise to a cognizable liberty interest." Anthony v. Warden, 823 F. App'x 703, 708 (11th Cir. 2020). However, Plaintiff does not allege prison officials have denied him access to recreation privileges, nor does he allege he is totally deprived of any opportunity to exercise or participate in recreation activities. It is Plaintiff's choice whether to participate in outdoor activities and for how long. Accepting as true that Plaintiff chooses to avoid extended outdoor recreation so he does not burn, he fails to allege facts showing he is subjected to conditions so severe that they impose upon him a significant hardship in comparison to the ordinary incidents of prison life. See id. (distinguishing Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999)).

To the extent Plaintiff's substantive due process claim is based on the alleged "cruel and unusual" conditions he is forced to endure, such a claim arises under the Eighth Amendment, not the more general notion of "due process." See Whitley v. Albers, 475 U.S. 312, 327 (1986) (holding the due process clause provides no greater protection than does the Eighth Amendment's cruel and unusual punishment clause). Conditions of confinement violate the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.

4

2004). Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

Plaintiff does not allege the conditions of his confinement posed an unreasonable risk to his health or safety of which Defendants were aware. That Plaintiff may have suffered sunburns in the past does not suggest prison officials are treating him inhumanely by refusing to prescribe or provide him sunblock. Additionally, Plaintiff does not allege prison officials have required him to stay outdoors for long periods of time such that he cannot avoid getting burned.

Plaintiff also fails to state a plausible claim for deliberate indifference to a serious illness or injury because he does not allege facts showing he has a serious medical need that is not being treated. See Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). While Plaintiff implies in his complaint that he has skin cancer, it appears he does not. He simply wants to avoid over-exposure to the sun, as recommended on a sunscreen bottle he provides as an exhibit. See Pl. Ex. C (Doc. 1-2) at 2. Plaintiff's general desire to avoid getting a sunburn does not constitute a serious medical need. Plaintiff also does not allege he has a prescription for sunblock that prison officials are refusing to honor.

5

Finally, to the extent Plaintiff disagrees with Dr. Bassa's response to his grievance, Plaintiff should know that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham, 654 F.3d at 1177. If Plaintiff disagrees with the correctional institution's policy to prescribe sunblock only to those "patients who have a past history of skin cancer or a current diagnosis of skin cancer," see Pl. Ex. 2 (Doc. 1-4) at 2, he has not named a Defendant responsible for enacting the policy or against whom injunctive relief can be imposed.[2]

Accordingly, it is

**ORDERED:**

1. This c1ase is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of February 2021.

_____
BRIAN J. DAVIS
United States District Judge

---

[2] Plaintiff sues Defendants Bassa and Leveen in their individual, not official, capacities. See Compl. at 2.

6


Jax-6
c:
Brandon Stevens